**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**ROOSEVELT WASHINGTON, #50085**                                                                  **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO.  3:11-cv-147-HTW-LRA**

**J.T. NOBLIN and CHARLES R. FULBRUGE, III**                                     **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff, an inmate of the Mississippi Department of Corrections, filed on March 14, 2011, a *pro se* Complaint and requested *in forma pauperis* status.  On March 25, 2011, an Order [4] was entered denying Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g),[1] commonly referred to as the "three-strikes" provision.  The Order directed Plaintiff to pay the full filing fee of  $350.00, within thirty days.  Plaintiff was warned that failure to pay the filing fee within thirty days would result in the dismissal of his case.  Plaintiff failed to comply with this Order.

On May 12, 2011, an Order [6] was entered directing Plaintiff to show cause, on or before May 27, 2011, why this case should not be dismissed for his failure to comply with the Court's Order of March 25, 2011.  In addition, Plaintiff was directed to comply with the Order, by paying the filing fee, on or before May 27, 2011.  The Show Cause Order [6]

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

warned Plaintiff that failure to timely comply with the requirements of the Order would lead to the dismissal of his Complaint, without further notice.  Plaintiff failed to comply with the Show Cause Order.

Since Plaintiff is proceeding *pro se*, he was provided one final opportunity to pay the filing fee prior to the dismissal of his Complaint.  On June 14, 2011, a Final Order to Show Cause [7] was entered directing Plaintiff to show cause, on or before June 29, 2011, why this case should not be dismissed for his failure to comply with the Court's Orders of March 25, 2011, and May 12, 2011.  In addition, Plaintiff was directed to comply with the Order, by paying the filing fee, on or before June 29, 2011.  The Final Order to Show Cause [7] warned Plaintiff that failure to timely comply with the requirements of the Order would lead to the dismissal of his Complaint, without further notice.  Plaintiff failed to comply with this Order.

Plaintiff has failed to comply with three Court orders and he has not contacted this Court since March 14, 2011.  This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*.  *See Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id*. at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper.  *See Rice v. Doe*, No. 08-20381, 2009 WL 46882, at *1 (5th Cir. Jan. 8, 2009)(affirming dismissal based on inmate's failure to comply with a court order).  Since the Defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, Ltd. v.  Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED, this the 19th day of July, 2011.

        s/ HENRY T. WINGATE
        UNITED STATES DISTRICT JUDGE